(91 Misc. Rep. 556)

DIAMOND et al. v. BENJAMIN. (No. 295.)

(Supreme Court, Appellate Term, Second Department. September, 1915.)

ESTOPPEL &em;78—PROMISE TO PAY FOR COMPLETION OF BUILDING.

Where ignorant laborers, plaintiffs in an action for work, labor, materials, and breach of contract, were told by defendant attorney, on failure of the builder for whom they were working, that he would pay them future installments for work on the building, in which his client was interested, and thereafter such attorney, during the progress of the work, caused mortgages to be placed on the building, three of them being security for his own advances, and where, when plaintiffs came to him for a final installment due under the building contract, the attorney directed them to file a mechanic's lien, which they did, it stating that the unpaid balance was for work done upon the order of the building company, which had failed, judgment for defendant was improper; it being inequitable to allow him with impunity to cut off the mechanic's lien by means of a foreclosure of one of the mortgages after he had induced the lienors to believe that he would pay them for their work in completing the building, by which promise he secured such completion.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 204–210; Dec. Dig. &em;78.]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Israel Diamond and John Jaffe, co-partners, against Aaron Benjamin. Judgment for defendant, and plaintiffs appeal. Reversed.

Argued September term, 1915, before MADDOX, CRANE, and BENEDICT, JJ.

Bernard Gordon and Harry Hartman, both of New York City, for appellants.

A. Benjamin and Nathan April, both of New York City, for respondent.

---

BENEDICT, J. I think the judgment in this case should be re-versed, as against the weight of the evidence. I think the following facts may be deemed to be established by the evidence:

The plaintiffs, who were carpenters, entered into a written contract on the 29th of November, 1913, with the Moskowitz Building Company, Incorporated, whereby they agreed to perform all the necessary labor in the flooring and carpentry for the complete erection of a four-story tenement consisting of 24 apartments on Avenue D, Flatbush, as shown on the drawings and specifications of Harry Dorf, architect, the work to be done under the direction of Samuel Moskowitz, the president of the party of the first part. It was agreed that the owner would pay to the contractor for the labor embraced in the contract the sum of $1,500, subject to any additions by reason of alterations or extra work; and the contract specified the manner in which these payments should be made, the total amount being divided up into seven installments, the last of which, being for the sum of $100, was payable 15 days after the completion of the job. The work of the construction of the building proceeded until some time in the month of July, when, according to the plaintiff, the payments provided to be made under the terms of the contract stopped. After seeing Moskowitz, the plaintiff Diamond, with other contractors, went to see the defendant at his office, at Moskowitz's request. At this interview the plaintiff Diamond testified that the defendant said to the contractors present:

"Well, boys; you, Mr. Diamond, go to the work and complete your work; you will get every penny; you will get from me everything; you won't lose anything."

The plaintiff said to the defendant:

"I am afraid to go ahead with Mr. Moskowitz. I am afraid, because he did not make this payment. I am afraid to go."

The defendant said:

"Now, you won't lose anything; I will pay you everything that is coming to you."

Thereupon the plaintiffs went to the work and started it going again, and from time to time thereafter during the progress of the building operation they received from the defendant, by the personal check of the defendant, the installments due under the contract, or payments which aggregated all of the sums to which the plaintiffs were entitled under the contract, except the sum of $100, which was not due, as has been stated, until 15 days after the completion of the building.

Up to the time when, according to the plaintiffs, the defendant assumed responsibility for the completion of the work, the plaintiffs had received $900 on account of their contract with the Moskowitz Building Company. Thereafter they received from Benjamin, between July 23d and September 19th, by means of five checks, $500, and by a payment on July 18th from Benjamin they received $300. This left an undisputed balance due on the contract of $100.

The plaintiff Diamond also testified that he performed extra work

and furnished materials of the value of $206.50 at the special instance and request of the defendant, who, he says, was present almost every day upon the work, hurrying it toward completion, and that the defendant himself ordered the extra work, which consisted in the removal of partitions in 12 apartments, making five-room apartments into four-room apartments, and further changes, making four-room apartments into three-room apartments, on account of the small size of the apartments as originally laid out. It appears to be undisputed that, from the time when the defendant took control of the work, as the plaintiffs claim, Moskowitz was merely employed as superintendent at a weekly salary of $25.

The defendant Benjamin claimed that his relation to the building was simply that of attorney for Moskowitz and as the representative of the mortgagees. It appears, also, that he himself advanced $5,000 in order to complete the building, and that he made arrangements whereby five mortgages were placed upon the property during the progress of the work, three of these being advances from his individual funds. Benjamin also took control of the building under an assignment of the rentals after the building was entirely completed. The payments which the defendant had been making to the plaintiffs ceased, and defendant commenced a foreclosure of the third mortgage, which he had placed upon the property for a client.

The defendant in his brief relies very strongly upon the claim that the plaintiffs are estopped from claiming that he became personally liable for the work which they did, because of the fact that they have filed a mechanic's lien in which it is stated that the unpaid balance of their account was for work done upon the order of the Moskowitz Building Company. This, however, is of very little moment, in view of the plaintiffs' statement that, when they applied to the defendant for the payment of the balance due, he told them that they should file a lien; and they asked him against whom they should file it, and he directed them to file the lien against the Moskowitz Building Company.

When it is considered that the plaintiffs are illiterate and ignorant workingmen—one of them being unable to write even his name in English—and that the defendant is a lawyer, evidently versed in real estate transactions, I think the court should not have been so astute as it was to protect the defendant in a situation created, as I must believe from the evidence it was, by him for his own benefit. He evidently was extremely anxious to have the building completed; and with this object in view, and in order to protect the client for whom he had made a subordinate mortgage, he advanced his own money and persuaded materialmen and subcontractors to complete the building under promise from him (which to their untutored minds must have appeared to be his absolute promise) to pay them for the work which they did in completing the building, and by means of which promise he procured its completion. He is now proceeding to cut off the mechanic's lien filed by the plaintiffs against the building by means of a foreclosure of one of the mortgages which he holds. To per-

mit a scheme of this kind to succeed upon the facts in this case does not comport with my notions of substantial justice.

The judgment should therefore be reversed, and a new trial ordered, with costs.

MADDOX and CRANE, JJ., concur.